IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICTOR JIMINEZ-CAMPUZANO, and STAFF MID-AMERICA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 8:04CV345 |
| BETTCHER INDUSTRIES, INC., BETTCHER MANUFACTURING, and JOHN DOES I-X, | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

    This matter is before the court on plaintiff's MOTION FOR LEAVE TO AMEND COMPLAINT to add Rosen's Diversified, Inc. and Rosen's Meat Group, Inc. as defendants (#76). Plaintiff further requests that the amendment relate back to the date of filing of the original Complaint.[1]

    The record shows that Rosen's Diversified was originally named as a defendant in this case. The claims against it were dismissed without prejudice on September 30, 2004. The dismissal order (#20) provided:

> The Complaint will be dismissed with respect to Rosen's, without prejudice. A progression order will be issued setting deadlines for, among other matters, the addition of any parties to the action. In the event that discovery reveals evidentiary support for a claim by the Plaintiff against Rosen's, the Plaintiff may then seek leave to amend the Complaint to include such a cause of action. Until and unless the minimal standard of Rule 11(b)(3) can be satisfied, Rosen's should not bear the status of a party defendant in this action.

---

[1]Although the court has received correspondence from counsel regarding the issue of relation-back, the court will not consider arguments submitted by informal correspondence. If counsel wish to be heard on any motion, they are required to electronically file their responses in accordance with NECivR 7.1.

The parties were subsequently given until June 30, 2005 to file motions to amend the pleadings (*see* #26).  After a Rule 16 planning conference on May 16, 2005, the court entered a text order granting the plaintiffs' oral motion for leave to add parties, with the amended complaint to be filed by July 22, 2005.

The court presumes counsel filed the instant motion in lieu of simply filing an amended complaint due to the relation-back issue.  In this regard, Fed. R. Civ. P. 16(c) provides:

> (c) **Relation Back of Amendments.**  An amendment of a pleading relates back to the date of the original pleading when
> \* \* \* \*
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, ***and*** (B) knew or should have known that, ***but for a mistake concerning the identity of the proper party***, the action would have been brought against the party.

(Emphasis added).

Although it appears that most of the requirements of Fed. R. Civ. P. 15(c)(3) have been substantially satisfied, the defect in the original complaint did not involve any "mistake concerning the identity of the proper party."  *See* Rule 15(c)(3)(B).  Rather, the original complaint against Rosen's Diversified was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff, at that time, was only able to allege that future discovery might reveal evidence that might support a claim of negligence against Rosen's Diversified.

Considering these factors,

**IT IS ORDERED** that the MOTION FOR LEAVE TO AMEND COMPLAINT (#76) is granted, in part, as follows:

1.  Plaintiffs are given leave to file the proposed amended complaint. The amended pleading shall be filed and served on or before **August 22, 2005**. Defendants may respond within the time allowed by Fed. R. Civ. P. 12(a) or 15(a), as applicable.

2.  The request that the amendments relate back to the date of filing of the original Complaint is denied without prejudice to reassertion after the amended pleading is served on all adverse parties.

**DATED August 5, 2005.**

            **BY THE COURT:**

            **s/ F.A. Gossett**
            **United States Magistrate Judge**