## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICTOR JIMINEZ-CAMPUZANO | ) | CASE NO. 8:04CV345 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BETTCHER INDUSTRIES, INC., | ) | |
| ROSEN'S DIVERSIFIED, INC., | ) | |
| ROSEN'S MEAT GROUP, and JOHN | ) | |
| DOES I-X, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Rosen's Diversified, Inc.'s and

Rosen's Meat Group, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. Pro 12(b)(6) (Filing

No. 93); Defendant Bettcher Industries, Inc.'s Summary Judgment Motion (Filing No. 96);

Plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 104); and

Plaintiff's Rule 56(f) Motion (Filing No. 118).  Jurisdiction is proper pursuant to 28 U.S.C.

§ 1332 because there is full diversity and the amount in controversy exceeds $75,000.  The

matters have been briefed, and the Court has considered the evidence submitted.

### STANDARDS OF REVIEW

**Fed. R. Civ. Pro. 12(b)(6)**

In considering a motion to dismiss a complaint under Rule 12(b)(6), the Court must

assume all the facts alleged in the complaint are true; and must liberally construe the

complaint in the light most favorable to the plaintiff.  *Young v. City of St. Charles*, 244 F.3d

623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).

A Rule 12(b)(6) motion to dismiss should not be granted unless it appears beyond a doubt

that the plaintiff can prove no set of facts that would entitle him to relief.  *Young,* 244 F.3d

at 627.  Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.  *Schmedding*, 187 F.3d at 864.

**Summary Judgment**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not

significantly probative . . . summary judgment may be granted."   *Id.* at 249-50 (citations omitted).

## BACKGROUND

The Amended Complaint alleges that Plaintiff[1] Victor Jiminez-Campuzano ("Victor") was injured on August 3, 2000, while working with a meat press at Skylark Meats, Inc., a wholly-owned subsidiary of Defendant Rosen Meat Group, Inc. ("Meat Group").  (Filing No. 85 ("Amended Complaint") ¶ 6).  Victor alleges he suffered various injuries, including the amputation of his hands and toes.  (*Id.* ¶ 18).  Victor claims that Defendants Rosen's Diversified, Inc. ("Rosen's") and Meat Group are liable under theories of negligence, because they allegedly: 1) redesigned and equipped the meat press in a manner that was unreasonably dangerous when used in a way that was reasonable and intended; 2) assembled the meat press in a manner that was unreasonably dangerous and defective when used in a way that was foreseeable and intended; 3) failed to provide adequate warnings of the expected and foreseeable risks and dangers to purchasers and expected users of the meat press; 4) failed to institute reasonable safety programs to protect the foreseeable users; and 5) failed to provide qualified safety programs and personnel to eliminate unsafe meat-press practices.  (*Id.* ¶ 13).

---

[1]The original Complaint included Staff Mid-America, Inc., as a party plaintiff.  The Amended Complaint, however, does not include Staff Mid-America as a party plaintiff. The Clerk will be directed to amend the caption accordingly.

Victor claims that Defendants Bettcher, Inc. ("Bettcher") and John Does I-X[2] are liable under theories of negligence and strict liability. (*Id.* ¶¶ 12,15). Victor alleges that Bettcher and John Does I-X negligently designed, assembled, distributed, and sold the meat press in a manner that was unreasonably dangerous and defective when used in a way that was foreseeable and intended; failed to use reasonably available and economically feasible alternative design methods; and failed to provide adequate warnings of the expected and foreseeable risks to purchasers and expected users of the meat press. (*Id.* ¶ 12). Victor claims that Bettcher and John Does I-X are also strictly liable for the defective design, manufacture and assembly of the meat press. (*Id.* ¶ 15).

The original Complaint, dated July 27, 2004, named Rosen's as a Defendant, stating: "It may be that discovery will reveal evidence that defendant Rosen's will be claimed to have negligently modified the safety equipment which was part of the design of the meat press unit involved." (Filing No. 1 ("Complaint") ¶ 10). Rosen's filed a 12(b)(6) Motion to Dismiss (Filing No. 8), which the Court granted on September 30, 2004, stating: "The Complaint in this case simply states no claim against Rosen's. An assertion that future discovery may reveal evidence that may support a claim of negligence is not now a claim at all." (Filing No. 20).

On July 21, 2005, nearly a year after the relevant statute of limitations expired on August 3, 2004, Victor filed a Motion for Leave to Amend the Complaint to add Rosen's and Meat Group as parties. (Filing No. 76). The Magistrate Judge granted this motion but

---

[2]Victor named John Does I-X as defendants because he has "not yet been able to identify the manufacturer, assembler, user, designer, marketer or owner of the [meat press]." (Amended Complaint, Filing No. 85, ¶ 16).

denied Victor's request that the Amended Complaint relate back to the date of the original Complaint because "the defect on the original Complaint did not involve any 'mistake concerning the identity of the proper party.'"  (Filing No. 82).  Defendants Rosen's and Meat Group filed a Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), arguing that Victor's negligence claim against them is barred by the relevant statute of limitations and Victor cannot satisfy the relation-back requirements set forth in Fed. R. Civ. Pro. 15(c) (Filing No. 93).  Victor responded by filing a Motion for Leave to File a Second Amended Complaint, alleging that Victor was seventeen years old on the date of his injury.  (Filing No. 104).  Defendants Rosen's and Meat Group oppose Victor's motion.

Defendant Bettcher moved for summary judgment, arguing that the meat press was substantially altered by Skylark Meats, Inc., or its parent and that the applicable statute of repose (Neb. Rev. Stat. § 25-224) bars Victor's action against Bettcher.  (Filing No. 96). Bettcher requests costs and other just and equitable remedies.  (*Id.*).  Victor responded by filing a motion pursuant to Fed. R. Civ. Pro. 56(f), requesting an extension of time to respond to Bettcher's summary judgment motion in order to take depositions.  (Filing No. 118).  Defendant Bettcher opposes Victor's motion.

## DISCUSSION

**Defendants Rosen's and Meat Group**

Defendants Rosen's and Meat Group move for dismissal pursuant to Rule 12(b)(6), arguing that Victor's negligence claim against them is barred by Nebraska's four-year statute of limitations for negligence actions under Neb. Rev. Stat. § 25-207 and that the allegations in the Amended Complaint do not relate back to the filing of the original

Complaint. (Filing No. 93). Victor opposes this motion, claiming that Victor's action was tolled by Neb. Rev. Stat. § 25-213 because Victor was seventeen years old when he was injured on August 3, 2000. (Filing No. 105 at 1). Victor acknowledges he did not plead his age in the original Complaint or the Amended Complaint; therefore, Victor requests the Court to convert Rosen's and Meat Group's 12(b)(6) motion into a summary judgment motion or grant Victor's Motion for Leave to File a Second Amended Complaint (Filing No. 104). (*Id.* at 2). Victor also argues that his Amended Complaint against Rosen's should relate back to the date of the original Complaint pursuant to Fed. R. Civ. Pro. 15(c)(2) and his Amended Complaint against Meat Group should relate back pursuant to 15(c)(3). (*Id.*).

Fed. R. Civ. Pro. 15(a) provides that leave to amend "shall be freely given when justice so requires." There is no absolute right to amend. *Becker v. University of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). However, "[u]nless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Becker,* F.3d at 907-08 (citing *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir.1992)). The Eighth Circuit Court of Appeals has said "parties should usually be given at least one chance to amend their complaint." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402 (8th Cir. 1999). As Defendants Rosen's and Meat Group point out, the Court has previously granted Victor leave to amend the Complaint, and the age of Victor was something his attorneys either knew or through the exercise of reasonable effort could have known at that time. However, because there appears to be a genuine issue of fact regarding Victor's

date of birth and age at the time of his injury, the Court will not deny Victor the opportunity to allege he was a minor when his injury occurred.

Victor's Motion for Leave to File a Second Amended Complaint is therefore granted. However, the Court denies Victor's request that the allegations against Rosen's and Meat Group relate back to the date of the original Complaint.  (See Filing No. 82).  Defendants Rosen's and Meat Group's Motion to Dismiss the First Amended Complaint on the basis of statute of limitations is denied as moot.

**Defendant Bettcher**

Defendant Bettcher moves for summary judgment, arguing: 1) "the meat press in question was substantially altered by Skylark Meats, Inc., or its parents and 2) "the applicable statute of repose at Neb. Rev. Stat. § 25-224 operates as a bar to the bringing of this action."  (Filing No. 96).  Victor responded by filing a Rule 56(f) Motion, seeking an extension of time in which to respond to Bettcher's summary judgment motion.  (Filing No. 118).[3]

"Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, does not require trial courts to allow parties to conduct discovery before entering summary judgment."    *United States v. Light*, 766 F.2d 394, 397 (8th Cir. 1985) (citing *Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir.1979)). "Under Rule 56(a), a motion for summary

---

[3]Fed. R. Civ. Pro 56(f) states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

judgment can be filed at any time after twenty days from the commencement of the action or service of the motion on the other party." *Id.*   The Eighth Circuit Court of Appeals has indicated that a party  making a Rule 56(f) motion must "demonstrate that discovery would likely lead to useful, relevant evidence. . . ."  *Robert v. U.S.*, 364 F.3d 988, 999-1000 (8th Cir. 2004).   Further, a party making a Rule 56(f) motion must identify specific facts discovery might unveil.  *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir.1997)).

Victor has filed an affidavit supporting his Rule 56(f) motion; however, the affidavit of Maren Lynn Chaloupka fails to set forth how the additional discovery Plaintiff intends to conduct will lead to facts relevant to the specific issues raised in Bettcher's summary judgment motion.  (See Filing 120).  The Court notes that Plaintiff previously sought and was granted an extension on two occasions to respond to Bettcher's summary judgment motion before the filing of Victor's Rule 56(f) Motion.  (Filing Nos. 103,117).  Plaintiff's argument that discovery is ongoing and that deadlines for discovery have not been imposed is irrelevant because the Court need not allow parties to conduct discovery before entering summary judgment.

Victor's Rule 56(f) Motion is therefore denied.  Victor is given 20 days from the date of this Order to respond to Bettcher's summary judgment motion.

For the reasons stated in this Memorandum,

IT IS ORDERED:

1.      Defendants Rosen's Diversified, Inc.'s and Rosen's Meat Group, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. Pro 12(b)(6) (Filing No. 93) is denied as moot;

2.    Plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 104) is granted, and counsel for the Plaintiff will file the Second Amended Complaint (now attached as Exhibit A to Plaintiff's Motion) as a separate electronic filing;

3.    Plaintiff's Rule 56(f) Motion (Filing No. 118) is denied;

4.    Plaintiff has 20 days from the date of this order to respond to Defendant Bettcher Industries, Inc.'s Summary Judgment Motion (Filing No. 96); and

5.    The Clerk is directed to amend the caption to eliminate Staff Mid-America, Inc., as a party plaintiff.


Dated this 9th day of January, 2006.


BY THE COURT:


s/Laurie Smith Camp
United States District Judge