# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VICTOR JIMINEZ-CAMPUZANO** | ) | **CASE NO. 8:04CV345** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **BETTCHER INDUSTRIES, INC.,** | ) | |
| **ROSEN'S DIVERSIFIED, INC.,** | ) | |
| **ROSEN'S MEAT GROUP, and JOHN** | ) | |
| **DOES I-X,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment submitted by Defendant Bettcher Industries, Inc. (Filing No. 96); and the Motion to Dismiss Party Bettcher Industries Without Prejudice (Filing No. 128) submitted by the Plaintiff Victor Jiminez-Campuzano ("Victor"[1]). For the reasons stated below, the Motion for Summary Judgment will be granted and the Motion to Dismiss will be denied as moot.

## PROCEDURAL BACKGROUND

Victor brought this action on July 27, 2004. The Second Amended Complaint alleges that Victor, a resident of Nebraska, was injured on August 3, 2000, while working with a meat press at Skylark Meats, Inc., a wholly-owned subsidiary of Defendant Rosen Meat Group, Inc. ("Meat Group"). (Filing No. 124 ("Second Amended Complaint") ¶ 6). Although the Second Amended Complaint does not allege where the events giving rise to Victor's cause of action occurred, the initial Complaint states that his injuries were incurred in Nebraska. (Filing No. 1 ("Complaint") ¶ 7). Victor alleges that he suffered a variety of

---

[1] Although it is not the practice of the Court to refer to parties by their first names, that is the preference shown by the Plaintiff is his pleadings.

serious injuries, including the amputation of his hands and toes.  (Second Amended Complaint ¶ 18).  He claims that Defendants Rosen's Diversified, Inc. ("Rosen's") and Meat Group are liable under theories of negligence, because they allegedly: 1) redesigned and equipped the meat press in a manner that was unreasonably dangerous when used in a way that was reasonable and intended; 2) assembled the meat press in a manner that was unreasonably dangerous and defective when used in a way that was foreseeable and intended; 3) failed to provide adequate warnings of the expected and foreseeable risks and dangers to purchasers and expected users of the meat press; 4) failed to institute reasonable safety programs to protect the foreseeable users; and 5) failed to provide qualified safety programs and personnel to eliminate unsafe meat-press practices.  (*Id.* ¶ 13).

Victor claims that Defendants Bettcher, Inc. ("Bettcher") and John Does I-X[2] are liable under theories of negligence and strict liability.  (*Id.* ¶¶ 12,15).  Victor alleges that Bettcher and John Does I-X negligently designed, assembled, distributed, and sold the meat press in a manner that was unreasonably dangerous and defective when used in a way that was foreseeable and intended; failed to use reasonably available and economically feasible alternative design methods; and failed to provide adequate warnings of the expected and foreseeable risks to purchasers and expected users of the meat press.  (*Id.* ¶ 12).  Victor also claims that Bettcher and John Does I-X are strictly liable for the defective design, manufacture and assembly of the meat press.  (*Id.* ¶ 15).

---

[2]Victor named John Does I-X as defendants because he has "not yet been able to identify the manufacturer, assembler, user, designer, marketer or owner of the [meat press]."  (Amended Complaint, Filing No. 85, ¶ 16).

On September 22, 2005, Bettcher moved for summary judgment, arguing that the meat press was substantially altered by Skylark Meats, Inc., or its parent and that the applicable statute of repose (Neb. Rev. Stat. § 25-224) bars Victor's action against Bettcher. (Filing No. 96). On September 29, 2005, Victor requested an extension of time (Filing No. 102) to respond to Bettcher's Motion for Summary Judgment, and Victor was granted until November 10, 2005, to respond to the motion. (Filing No. 103). On October 26, 2005, Victor requested a second extension of time to respond to Bettcher's Motion for Summary Judgment (Filing No. 111), and Victor was granted until November 30, 2005, to respond to the motion. (Filing No. 117). On November 28, 2005, Victor filed a motion pursuant to Fed. R. Civ. Pro. 56(f), requesting a third extension of time to respond to Bettcher's summary judgment. (Filing No. 118). Although Victor filed an affidavit supporting his Rule 56(f) motion, the affidavit of Victor's counsel Maren Lynn Chaloupka failed to set forth how the additional discovery Victor intended to conduct would lead to facts relevant to the specific issues raised in Bettcher's summary judgment motion. (See Filing 120). Victor's Rule 56(f) Motion was therefore denied, although Victor was given a third extension of time, until January 29, 2006, to respond to Bettcher's Motion for Summary Judgment.

Instead of responding to the summary judgment motion, on January 24, 2006, Victor's counsel filed a Motion to Dismiss Bettcher, without prejudice, noting that she has filed a separate action against Bettcher in this Court to facilitate her desire for continued discovery.[3] Bettcher opposes Victor's Motion to Dismiss. (Filings No. 129 and 130).

---

[3] *Jiminez-Campuzano v. Bettcher Industries, Inc.*, et al., 8:06-cv-17, filed January 17, 2006.

**FACTS**

Bettcher submitted an Index of Evidence (Filing No. 97) and Brief[4] (Filing No. 98) in support of its Motion for Summary Judgment. There is no genuine dispute as to the following facts.

On August 3, 2000, Victor was injured while working on the premises of Skylark Meats, Inc. ("Skylark"), when a meat press manufactured by Bettcher suddenly cycled. (Complaint ¶ 7, and Second Amended Complaint ¶ 6). Although the serial number on the meat press in question was obliterated, and it is unclear whether the press in question was sold by Bettcher directly to Skylark, to a predecessor of Skylark, or to a third party, it was sold and delivered by Bettcher to its first purchaser no later than April 30, 1990. (Affidavit of Gilbert E. Strickler, Bettcher Service Manager, Filing No. 97-10 ("Strickler Aff." ¶¶ 2 - 6).[5]

At the time of Victor's injury, the meat press had been altered from its original condition in several material ways, affecting its safety. (*Id.* ¶ 7). Such alterations included (1) the removal and replacement of the original aluminum wrap-around point-of-operation guard; (2) the alteration of the power-disconnect feature that shut off power to the press when the point-of-operation guard was lifted; (3) the removal of the vertical stop assembly designed to prevent activation of the press until the operator initiated a new cycle; (4) the

---

[4] Bettcher's brief in support of its summary judgment motion does not comply with NECivR 56.1(a), and is of limited use in the Court's analysis. Failure to comply with NECivR 56.1(a) constitutes grounds for denial of a motion. Regardless, the Court has considered the brief and index of evidence, but requests that counsel for Bettcher review the requirements of NECivR 56.

[5] If the meat press was sold by Bettcher directly to Skylark, it was sold and delivered no later than December 9, 1983. (Strickler Aff. ¶ 4). If the meat press was sold by Bettcher directly to Skylark's predecessor V.M.I., Inc., or any of V.M.I.'s predecessors, then it was sold and delivered no later than May 25, 1984. (*Id.* ¶ 5).

removal of the "wobble stick," release level, and switch guard; (5) the replacement of mechanical interlocks on the loading and discharge doors that interrupted power to the press when its doors were open; (6) the addition of chains and eye bolts allowing the new point-of-operation guard to remain in a lifted position at a 45% angle and preventing the press from de-energizing during die set changes; and (7) the removal of seven safety warning labels. (*Id.*).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586. "[T]here is no issue for trial unless there is sufficient evidence favoring

the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## DISCUSSION

Nebraska is the forum state, Victor's state of residence, and the state where the events giving rise to the cause of action occurred. In a diversity action for negligence, the law of the forum state applies. *Heatherly v. Alexander*, 421 F.3d 638, 641 (8th Cir. 2005). To establish a prima facie case on the theory of negligent design, a plaintiff in Nebraska must "establish some evidence of duty, breach, causation, and damages." *Jay v. Moog Automotive, Inc.*, 652 N.W.2d 872, 880 (Neb. 2002).

As the proponent of the Motion for Summary Judgment, Bettcher met its burden of coming forward with evidence demonstrating that (1) the meat press in question was designed and manufactured with a variety of safety features and warning labels to prevent unintended cycling of the press and injury to the operator, and (2) after Bettcher's delivery of the meat press to its first purchaser, the press was substantially altered in a manner that greatly increased the danger of unintended cycling, if not directly causing the cycling to occur. It was not Bettcher's burden to negate Victor's claims. *Celotex*, 477 U.S. 324-35. In response to Bettcher's motion, Victor had the burden of coming forward with specific facts showing that there is a genuine issue for trial, more than some metaphysical doubt. *Matsushita*, 475 U.S. at 587. Victor has presented no evidence or arguments to support his claims against Bettcher.

Even if Victor had come forward with evidence in support of his negligence claims, his causes of action would be barred by Nebraska's statute of repose. At the time of Victor's injury, Nebraska's statute of repose for product liability actions provided:

> (1) All product liability actions . . . shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.
>
> (2) Notwithstanding subsection (1) of this section *or any other statutory provision to the contrary*, any product liability action . . . shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption."

Neb. Rev. Stat. § 25-224(2)(Reissue 1995)(emphasis added).

Nebraska's ten-year statute of repose begins to run when the product is first relinquished for use or consumption. *Gillam v. Firestone Tire & Rubber Co.*, 489 N.W.2d 289, 291 (Neb. 1992). Where the injury occurs within the ten-year period, and a claimant commences an action after the ten years have passed, the action has accrued but is barred. Where the injury occurs outside the ten-year period, no substantive cause of action accrues, and a claimant's actions are barred. *Id.* Although Nebraska's statute of repose was amended in 2001,[6] the amendment does not resurrect actions that the prior version of the statute had already extinguished. *Givens v. Anchor Packing*, 466 N.W.2d 771, 773 (Neb. 1991). Neither is Nebraska's statute of repose tolled by a person's status as a minor.[7] *Budler v. General Motors Corp.*, 689 N.W.2d 847, 851 (2004).

---

[6] The 2001 amendment permits the application of a longer statute of repose for products manufactured outside Nebraska if a longer statute of repose is applied in the state or country of manufacture. Neb. Rev. Stat. § 25-224 (Cum. Supp. 2004).

[7] It is alleged that Victor was 17 years of age at the time his injuries were incurred. (Second Amended Complaint, Filing No. 124, ¶ 1). Neb. Rev. Stat. § 25-213 (Reissue 1995) provides for the tolling of statutes of limitations until the person entitled to bring the action becomes 21 years of age, at which time the applicable statute of limitations begins to run. *Lawson v. Ford Motor Co.*, 408 N.W. 2d 256 (1987).

## CONCLUSION

Victor's case has been pending in this Court for over eighteen months. Victor's counsel was granted three extensions of time to respond to Bettcher's Motion for Summary Judgment, allowing a response time of more than four months. Victor's counsel has presented no brief or index of evidence in opposition to the Motion for Summary Judgment, and instead seeks to begin the litigation against Bettcher anew by filing the same action in this Court under a separate docket number. For the Court to allow such a circumvention of the rules of civil procedure would be fundamentally unfair to Bettcher, and contrary to the spirit and the letter of Rule 56.

For the reasons stated in this Memorandum,

IT IS ORDERED:

1. Defendant Bettcher Industries, Inc.'s Motion for Summary Judgment (Filing No. 96) is granted;

2. Plaintiff's Motion to Dismiss Bettcher Industries Without Prejudice (Filing No. 128) is denied as moot; and

3. The Clerk is directed to amend the caption to eliminate Bettcher Industries, Inc., as a party defendant.

Dated this 31st day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge