IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VICTOR JIMINEZ-CAMPUZANO** | ) | **CASE NO. 8:04CV345** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROSEN'S DIVERSIFIED, INC.,** | ) | |
| **ROSEN'S MEAT GROUP, and JOHN** | ) | |
| **DOES I-X,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion of former Defendant Bettcher Industries, Inc. ("Bettcher"), seeking a final Judgment under Fed. R. Civ. P. 54(b) with respect to its dismissal as a Defendant in this action. (Filing No. 132). On January 31, 2006, this Court granted summary judgment in favor of Bettcher (Filing No. 131), but no final order of judgment has been entered, because claims remain pending against other Defendants.

Fed. R. Civ. P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." *Orion Financial*

*Corp. of South Dakota v. American Foods Group, Inc.*, 201 F.3d 1047, 1047 (8th Cir. 2000). "'In determining that there is 'no just reason for delay,' the district court must consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals." *Shurgard Storage Centers v. Lipton-U City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005). The finality requirement of 28 U.S.C. § 1291, establishing appellate jurisdiction, "embodies a strong congressional policy against piecemeal reviews." *Orion Financial Corp.*, 201 F.3d at 1048.

Bettcher has submitted a "Supplemental Motion" at Filing No. 138 that consists of a letter to the Court from Bettcher's counsel, attaching a letter from Plaintiff's counsel. The letters demonstrate that the Plaintiff has agreed that he will not appeal the dismissal of Bettcher, and Bettcher will not seek "costs, sanctions, etc." against the Plaintiff. The parties' cooperative effort in the resolution of their claims against each other is recognized and appreciated.

The decision to grant or deny a motion for entry of a final judgment under Rule 54(b) is one that lies in the discretion of the district court, and will not be reversed absent an abuse of discretion. *Shurgard Storage Centers*, 394 F.3d at 1046. Weighing the equities of the situation, including judicial administrative interests and the fact that the entry of a final judgment in favor of Bettcher will not generate "piecemeal appeals," I conclude that the motion should be granted.

IT IS ORDERED:

1. Defendant Bettcher Industries, Inc.'s Motion Pursuant to Fed. R. Civ. P. 54(b) (Filing No. 132) is granted;

2       The "Supplemental Motion" of Bettcher Industries, Inc. (Filing No. 138) is in fact an index of evidence, and to save counsel the inconvenience of striking and refiling it accordingly, it is denied as moot; and

3.      A separate Judgment will be entered dismissing Bettcher Industries, Inc.

DATED this 16th day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge