IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTOR JIMINEZ-CAMPUZANO,        )<br>                                                         )<br>             Plaintiff,                          )<br>                                                         )<br>         vs.                                        )<br>                                                         )<br>ROSEN'S DIVERSIFIED, INC.,           )<br>ROSEN'S MEAT GROUP and          )<br>JOHN DOES 1-X,                             )<br>                                                         )<br>             Defendants.                      ) | 8:04CV345<br><br>ORDER |

    This matter is before the court on the defendants' Motion for Leave to File a Third Party Complaint against Staff Mid-America, Inc. Noting the plaintiff's opposition, *see* Filing 147, I find that the motion should be granted.

    Under Fed. R. Civ. P. 14(a), "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action "if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *Mattes v. ABC Plastics*, 323 F.3d 695, 698 (8th Cir. 2003) (emphasis added). "The governing law makes clear that Rule 14(a) should be liberally construed in favor of impleading a third-party ..., as its purpose is to avoid a circuity of actions and a multiplicity of suits ..., in order that all related claims may be disposed of in one action, ... and thereby simplify, and expedite, the litigation process." *United States v. J & D Enterprises of Duluth*, 955 F. Supp. 1153, 1156 (D. Minn. 1997) (citations omitted).

    Here, the record shows that Staff Mid-America, Inc. was initially named as a plaintiff in this matter, but was not named as a plaintiff in the Amended Complaint. The plaintiff, Victor Jiminez-Campuzano, was a "loaned employee" of Staff Mid-America working at

Skylark Meats, Inc. at the time he was injured. Skylark Meats, Inc. is a wholly owned subsidiary of defendant, Rosen's Diversified. Staff Mid-America and Skylark entered into a written agreement in which Staff Mid-America agreed to "indemnify and save harmless" Skylark and "all others directly or indirectly interested or liable," for damages arising out of accidents related to employees acquired from Staff Mid-America. Defendants contend they are third party beneficiaries under this agreement and are entitled to seek indemnification from Staff Mid-America for any losses sustained as a result of plaintiff's claims.

For jurisdictional purposes, the defendants reside in Minnesota and Staff Mid-America resides in Nebraska. The proposed third-party complaint does not destroy diversity of citizenship, *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978). Should the amount in controversy fail to exceed $75,000, *see* 28 U.S.C. § 1332(a), this court may exercise supplemental jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1367.

Considering these factors, I find that the motion should be granted.

**IT IS ORDERED:**

1. Defendants' Motion for Leave to File a Third Party Complaint [144] is granted.

2. Defendants are given until **June 15, 2006** to file and serve the Third-Party Complaint.

**DATED June 1, 2006.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**